1    LOUIS P. PETRICH (State Bar No. 038161)
     VINCENT COX (State Bar No. 070511)
2    LEOPOLD, PETRICH & SMITH, P.C.
     2049 Century Park East, Suite 3110
3    Los Angeles, California 90067-3274
     Telephone: (310) 277-3333
4    Facsimile: (310) 277-7444
     Email: lpetrich@lpsla.com
5
     Attorneys for Defendants
6    Paramount Pictures Corporation and
     Universal City Studios LLC, successor to Universal
7    City Studios, Inc., and incorrectly sued herein as Universal Studios, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   WILLIAM FRIEDKIN, an individual,      CASE NO. CV12 4264 JFW (MANx)

12              Plaintiffs,                 DEFENDANTS' NOTICE OF
                                            REMOVAL
13        v.

14   PARAMOUNT PICTURES
     CORPORATION, a Delaware
15   corporation; UNIVERSAL STUDIOS,
     INC., a Delaware corporation; and DOES
16   1-10, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
   & SMITH
A Professional Corporation

1

Defendants Paramount Pictures Corporation, a Delaware corporation, and Universal City Studios LLC, successor to Universal City Studios, Inc., and incorrectly sued herein as Universal Studios, Inc., by and through their undersigned counsel, and pursuant to 28 U.S.C. §§1331, 1338(a), 1441(a), and 1446(a) and (b), remove to this court the entire action pending in the Superior Court of California, County of Los Angeles, Case No. BC482750 (the "State Action").  The grounds for removal are as follows:

1.     As shown below, this Court has original federal question jurisdiction over this case under 28 U.S.C. §§1331 and 1338(a).

2.     On April 12, 2012, Plaintiff filed a lawsuit and obtained summons from the Superior Court in Los Angeles, California.  On April 16, 2012, the summons and complaint were served on Defendants.  True and correct copies of the summons and complaint are attached hereto as Exhibits A and B, respectively.  Attached as Exhibit C is the Civil Case Cover Sheet, with Addendum.  Attached as Exhibit D is the Notice of Case Assignment.  Attached as Exhibit E is the ADR Information Package.  Attached as Exhibit F are the Voluntary Efficient Litigation Stipulations.  Attached as Exhibit G is the Notice of Case Management Conference.

3.     Any action brought in state court in this district may be removed to this Court if this Court has original jurisdiction over the action.  *See* 28 U.S.C. §1441(a) (". . . any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending."); *id.*, §1331 the ". . . District Courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."; §1338(a) ". . . District Courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . ."

4.     The Notice of Removal must be filed within 30 days of the complaint being served on Defendant.  See 28 U.S.C. §1446(b) ("the notice of removal of a civil

action or proceeding shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading . . . ."). This Notice of Removal is timely filed because it is within 30 days since the initial pleading was served on Defendants.

5.     This Court has original jurisdiction pursuant to this Court's federal question jurisdiction. *See* 28 U.S.C. §§1331 and 1338(a). Plaintiff alleges that his exercise of rights within the subject matter of copyright as set forth in 17 U.S.C. §106 (public exhibition) in a work within the subject matter of copyright (a motion picture) may give rise to liability for copyright infringement, and he seeks declaratory relief that he may do so without infringing.

6.     Plaintiff is the director and producer of the 1977 motion picture SORCERER, a work within the subject matter of copyright. Complaint ¶¶1, 6. Plaintiff alleges that he is entitled to receive a profit participation in SORCERER. Cpt. ¶7.

7.     The motion picture SORCERER was registered for copyright on June 20, 1977, and assigned U.S. Copyright Registration No. LP48760.

8.     Plaintiff alleges that he has been asked to appear and speak at many screenings of SORCERER in the United States, Cpt. ¶9, and that he has the right to exploit the motion picture SORCERER in the United States. Cpt. ¶17.

9.     Plaintiff therefore seeks a judicial declaration that it would be non-infringing for him to exploit the motion picture SORCERER in the United States. Cpt. ¶19, Prayer, Sub ¶A.

10.     Plaintiff alleges that Defendants have advised him that they do not presently have the right to distribute SORCERER in theaters in the United States. Cpt. ¶¶11, 12.

11.     Whether or not Plaintiff's planned exploitation of SORCERER in the United States is non-infringing is an issue arising under the United States copyright law, 17 U.S.C. §101, *et seq.* Any judicial determination as to the non-infringing nature of Plaintiff's intended exploitation of the motion picture SORCERER in the

United States is within the exclusive jurisdiction of the federal courts pursuant to 28 U.S.C. §1331, 1338(a).  All state claims equivalent to copyright are preempted by the Copyright Act.  17 U.S.C. §301(a).

12.     In the alternative, to the extent that Plaintiff may contend that his claim for declaratory relief is a state claim, federal jurisdiction is present because, in addition to express statutory preemption, the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such cases, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir.2000) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). At least four circuit courts have held that the Copyright Act has such complete preemptive effect. *See Santa Rosa v. Combo Records*, 471 F.3d 224, 226-27 (1st Cir. 2006); *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-05 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230-33 (4th Cir. 1993); *see also Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289-91, 1293-98 (11th Cir. 2004) (suggesting that the Copyright Act might have complete preemptive effect under some circumstances). Judge Baird in this district concluded that copyright law has this complete preemptive effect. *Worth v. Universal Pictures, Inc.*, 5 F.Supp.2d 816, 821 (C.D. Cal.1997) ("Complete preemption has been found for cases brought under the Copyright Act").  The Ninth Circuit has not adopted a position regarding complete preemption and copyright law. *Dielsi v. Falk*, 916 F.Supp. 985, 993 (C.D. Cal. 1996).

13.     Copies of this Notice of Removal are being served on Plaintiff's counsel and filed with the clerk of the Superior Court of California, County of Los Angeles, in the State Action.

14.     This Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

26897

15.    Wherefore, Defendants request that this action proceed in this court pursuant to 28 U.S.C. §§1331, 1338(a), 1441(a), and 1446(a) and (b).

16.    For the reasons stated above, this case has been properly removed.  In the event this Court should have questions about the propriety of the removal, removing parties respectfully request that the Court issue an Order to Show Cause why the case should not be remanded, thus providing the parties an opportunity to provide the Court with full briefing and argument.  Such a procedure is warranted since a remand order is not subject to direct appellate review.

Respectfully submitted,

DATED:  May 15, 2012

LOUIS P. PETRICH
VINCENT COX
LEOPOLD, PETRICH & SMITH, P.C.
Attorneys for  Defendants
Paramount Pictures Corporation and
Universal City Studios LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.**

On May 16, 2012, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

Eric M. George
Peter Shimamoto
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA  90067
Attorneys for Plaintiff

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:**  I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐    **BY ELECTRONIC MAIL:**  I transmitted a true copy of said document(s) by electronic mail, and no error was reported. Said electronic mail transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT MAIL:**  I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2012, at Los Angeles, California.

Robin Black

EXHIBIT _A_

4/16/12 @ 8:10

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PARAMOUNT PICTURES CORPORATION, a Delaware corporation,
UNIVERSAL STUDIOS, INC., a Delaware corporation, and DOES 1 THROUGH 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM FRIEDKIN, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 12 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* BC 482750 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL DISTRICT
111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric M. George (State Bar No. 166403); Peter Shimamoto (State Bar No. 123422)
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400, Los Angeles, California 90067 Tel.: 310.274.7100/Fax: 310.275.5697

| DATE: APR 12 2012 | Clerk, by | Mary Flores | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): Universal Studios, Inc., a Delaware corporation
3. ☒ on behalf of (specify):
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
          4/16/12

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT _B_

1  BROWNE GEORGE ROSS LLP
   Eric M. George (State Bar No. 166403)
2   egeorge@bgrfirm.com
   Peter Shimamoto (State Bar No. 123422)
3   pshimamoto@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff William Friedkin

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 12 2012

John A. Clarke, Executive Officer/Clerk
BY_____ Deputy
   Mary Flores

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

| | |
|---|---|
| 11  WILLIAM FRIEDKIN, an individual, | Case No.  **BC 482 750** |
| 12           Plaintiff, | |
| 13      vs. | **COMPLAINT** |
| 14  PARAMOUNT PICTURES CORPORATION, a Delaware corporation, | |
| 15  UNIVERSAL STUDIOS, INC., a Delaware corporation, and DOES 1 THROUGH 10, | |
| 16  INCLUSIVE, | |
| 17           Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

314457.2

COMPLAINT

Plaintiff William Friedkin ("Friedkin") alleges as follows in this civil action for declaratory relief and an accounting:

## NATURE OF THE ACTION

1. Friedkin is the director and producer of the 1977 motion picture *Sorcerer* ("*Sorcerer*" or the "Picture"). Friedkin is also a profit participant in the Picture, and owns a print. Although Defendants Paramount Pictures Corporation ("Paramount") and Universal Studios, Inc. ("Universal") have previously had certain rights to exploit the Picture in the United States, each has recently disclaimed rights to exploit the Picture in the United States, and admitted ignorance as to who, if anyone, currently has such rights. Bafflingly, however, defendants persist in denying that Friedkin has any rights to exploit the Picture. Friedkin therefore has filed this action to obtain a declaration as to the parties' respective rights in the Picture.

## THE PARTIES

2. Friedkin is, and at all times relevant to this complaint has been, a resident of the State of California, County of Los Angeles.

3. Paramount is a Delaware corporation authorized to do business in California. Paramount has had its principal place of business continually in Los Angeles, California, in the County of Los Angeles, at all times relevant to this complaint.

4. Universal is a Delaware corporation authorized to do business in California. Universal has had its principal place of business continually in Los Angeles, California, in the County of Los Angeles, at all times relevant to this complaint.

5. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities are presently unknown to plaintiff. Once their true names and capacities are ascertained, plaintiff will amend this complaint by inserting said true names and capacities and any other necessary allegations. Friedkin believes, and based thereon alleges, that defendants Does 1 through 10, inclusive, and each of them, are responsible in some manner for the acts and omissions alleged in this complaint.

314457.2

-1-
COMPLAINT

## GENERAL ALLEGATIONS

6.      Friedkin is the director and producer of *Sorcerer*.

7.      Friedkin is also entitled to receive a profit participation in *Sorcerer*.

8.      Friedkin owns a print of *Sorcerer*.

9.      Over the years, numerous organizations both in the United States and abroad have requested prints of *Sorcerer* for the purpose of holding screenings of the Picture. Friedkin has been asked to appear and speak at many of these screenings, which are consistently filled to capacity. On occasion, organizations wishing to screen *Sorcerer* have asked Friedkin for assistance in obtaining a print of the film.

10.     On information and belief, Paramount and Universal have at times had certain rights to exploit *Sorcerer* in the United States.

11.     Paramount has recently averred that it no longer has the right to distribute *Sorcerer* in theaters in the United States.

12.     Universal also has recently averred that it no longer has the right to distribute *Sorcerer* in theaters the United States.

13.     In response to Friedkin's inquiries, neither Paramount nor Universal has identified what rights, if any, either has with respect to *Sorcerer*, or who does have rights to exploit *Sorcerer* in the United States or abroad.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

14.     Friedkin hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 13 of this Complaint, as though fully set forth herein.

15.     Friedkin does not know who currently has the right to exploit *Sorcerer* in the United States or abroad.

16.     Despite Friedkin's inquiries, Paramount and Universal have failed to identify who currently has the right to exploit *Sorcerer* in the United States or abroad.

17.     Friedkin believes he has the right to exploit his print of *Sorcerer* in the United States and abroad. Defendants have denied that Friedkin has the right to exploit *Sorcerer*.

314457.2

-2-
COMPLAINT

18. An actual controversy has accordingly arisen and now exists between Friedkin, on the one hand, and Paramount and Universal, on the other hand.

19. A judicial determination is necessary and appropriate at this time to determine who currently has the right to exploit *Sorcerer* in the United States and abroad.

## SECOND CAUSE OF ACTION

### (Accounting)

20. Friedkin hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. Friedkin has the right to receive a participation in the profits from *Sorcerer*.

22. Friedkin has no record of having received a participation statement or accounting regarding *Sorcerer* in over twenty years.

23. An accounting is necessary to determine the true amount of revenue derived from the exploitation of *Sorcerer* in order to ascertain Friedkin's share of such revenue.

## PRAYER

WHEREFORE, Friedkin requests that this Court:

A. Issue a declaration as to who has the right to exploit *Sorcerer* in the United States and abroad.

B. Issue injunctive relief requiring Defendants to provide a complete and accurate accounting to Friedkin.

C. Award Friedkin his costs of suit.

514457.2

-3-
COMPLAINT

1      D.    Award Friedkin such other and further relief as the Court may deem just and

2  proper.

3  DATED: April 11, 2012

4                         BROWNE GEORGE ROSS LLP

                            Eric M. George

5                              Peter Shimamoto

6

               By  _____

7                              Eric M. George

8             Attorneys for Plaintiff William Friedkin

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3144572

-4-
COMPLAINT

EXHIBIT _C_

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric M. George (SBN 166403) Peter Shimamoto (SBN 123422)<br>BROWNE GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2400<br>Los Angeles, California 90067<br>TELEPHONE NO.: 310.274.7100   FAX NO.: 310.275.5697<br>ATTORNEY FOR *(Name):* Plaintiff William Friedkin | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>APR 12 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

| CASE NAME: Friedkin v. Paramount Pictures Corp., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 482750 |
|---|---|---|
| ☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402.) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☒ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.☐ monetary  b.☒ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* 2 (declaratory relief and accounting)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 12, 2012
Eric M. George
(TYPE OR PRINT NAME)   ► _Eric M. George / Ps_   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| FRIEDKIN v. PARAMOUNT PICTURES CORP., et al. | BC 4 8 2 7 5 0 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL   3   ☐ HOURS/ ☒ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: FRIEDKIN v. PARAMOUNT PICTURES CORP., et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☒ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2.⃝ 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: FRIEDKIN v. PARAMOUNT PICTURES CORP., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 8. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| FRIEDKIN v. PARAMOUNT PICTURES CORP., et al. | |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>William Friedkin<br>2121 Avenue of the Stars, Suite 2020 | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 12, 2012 _____

_Eric M. George / Ps_
(SIGNATURE OF ATTORNEY/FILING PARTY)
Eric M. George

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived. .

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number

BC 4 8 2 7 5 0

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Elihu M. Berle* | 323 | CCW |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |

*Class Actions

All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____       JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
(CRC 3.221 Information about Alternative Dispute Resolution)

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-06)
LASC Approved 05-03

Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,*
*but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/16)
LASC Approved 07-04

### INFORMATION ABOUT
### ALTERNATIVE DISPUTE RESOLUTION

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe):

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT F

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):          FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or not the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):        FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

>
_____
(ATTORNEY FOR PLAINTIFF)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR _____ )

>
_____
(ATTORNEY FOR _____ )

>
_____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

04/17/2012   07:26   818-686-2155                 UNIVERSAL                              PAGE   24/25

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

Date: _____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT G

4-20-12.

11:30 AM.

1  BROWNE GEORGE ROSS LLP
   Eric M. George (State Bar No. 166403)
2  egeorge@bgrfirm.com
   Peter Shimamoto (State Bar No. 123422)
3  pshimamoto@berfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff William Friedkin

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 WILLIAM FRIEDKIN, an individual,        | Case No. BC 482750

12           Plaintiff,                      | Assigned for All Purposes to Judge Mary H.
                                             | Strobel
13      vs.                                  | Department 32

14 PARAMOUNT PICTURES
   CORPORATION, a Delaware corporation,     | NOTICE OF CASE MANAGEMENT
15 UNIVERSAL STUDIOS, INC., a Delaware      | CONFERENCE
   corporation, and DOES 1 THROUGH 10,
16 INCLUSIVE,
                                             | Date:   August 10, 2012
17           Defendants.                     | Time:   8:30 a.m.
                                             | Dept.:  32
18

19

20

21

22

23

24

25

26

27

28

332516.1

              NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Case Management Conference has been scheduled in the above-titled matter for August 10, 2012 at 8:30 a.m. in Department 32 of the Los Angeles Superior Court, located at 111 North Hill Street, Los Angeles, California 90012. A true and correct copy of the Court's April 16, 2012 "Notice of Case Management Conference" is attached hereto as Exhibit A.

DATED: April 18, 2012

BROWNE GEORGE ROSS LLP
Eric M. George
Peter Shimamoto

By _____
Peter Shimamoto
Attorneys for Plaintiff William Friedkin

322516.1

-1-

NOTICE SENT TO:

George, Eric M., Esq.
Browne George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles      CA   90067

**ORIGINAL FILED**

FILE STAMP

APR 1 6 2012

**LOS ANGELES
SUPERIOR COURT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| WILLIAM FRIEDKIN | CASE NUMBER |
|---|---|
| Plaintiff(s), | BC482750 |
| VS. | |
| PARAMOUNT PICTURES CORPORATION ET AL, Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for August 10, 2012 at 8:30 am in Dept. 32 at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:  **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600, et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: April 16, 2012

**MARY STROBEL**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: April 16, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

LACIV 132 (Rev. 09/07)
LASC Approved 10-03



RECEIVED
APR 1 8 2012
Browne George Ross LLP

# EXHIBIT A

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       At the time of service, I was over 18 years of age and **not a party to this action.** I am
employed in the County of Los Angeles, State of California. My business address is First Legal
4 Attorney Service, 1517 West Beverly Blvd., Los Angeles, CA 90026.

5       On April 20, 2012, I served true copies of the following document(s) described as
NOTICE OF CASE MANAGEMENT CONFERENCE on the interested parties in this action
6 as follows:

7                              SEE ATTACHED SERVICE LIST

8       **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being
at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was
9 made to the attorney or at the attorney's office by leaving the documents in an envelope or package
clearly labeled to identify the attorney being served with a receptionist or an individual in charge
10 of the office. (2) For a party, delivery was made to the party or by leaving the documents at the
party's residence with some person not less than 18 years of age between the hours of eight in the
11 morning and six in the evening.

12       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
13

      Executed on April 20, 2012, at Los Angeles, California.
14

15

16                                        _____

17

18

19

20

21

22

23

24

25

26

27

28

322516.1

1        SERVICE LIST

2

3   PARAMOUNT PICTURES CORPORATION        UNIVERSAL STUDIOS, INC.
    Agent of Service                      Agent of Process
    Becky Degeorge                        Maria Sanchez
4   CSC Lawyers Incorporating Service     CT CORP SYSTEM
    2710 Gateway Oaks Drive               818 West Seventh Street
5   Suite 150N                            Los Angeles, California 90017
    Sacramento, California 95833
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    322516.1

    NOTICE OF CASE MANAGEMENT CONFERENCE

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

WILLIAM FRIEDKIN, an individual

**DEFENDANTS**

PARAMOUNT PICTURES CORPORATION, a Delaware corporation;
UNIVERSAL CITY STUDIOS LLC, successor to Universal City Studios, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
ERIC M. GEORGE
PETER SHIMAMOTO
BROWN GEORGE ROSS, LLP

Attorneys (If Known)
LOUIS P. PETRICH
VINCENT COX
LEOPOLD, PETRICH & SMITH, P.C.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S.
Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** None - costs of suit

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. §101 Copyright infringement, and he seeks declaratory relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV12·4264

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                       CIVIL COVER SHEET                       Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date May 15, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On May 16, 2012, I served the foregoing document described as **CIVIL COVER SHEET** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

Eric M. George
Peter Shimamoto
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Attorneys for Plaintiff

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) by electronic mail, and no error was reported. Said electronic mail transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2012, at Los Angeles, California.

Robin Black