ERIC M. GEORGE (State Bar No. 166403)
PETER SHIMAMOTO (State Bar No, 123422)
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
Email:  egeorge@bgrfirm.com.
pshimamoto@bgrfirm.com

Attorneys for Plaintiff William Friedkin


LOUIS P. PETRICH (State Bar No. 038161)
VINCENT COX (State Bar No. 070511)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Telephone:  (310) 277-3333
Facsimile:   (310) 277-7444
Email:  lpetrich@lpsla.com

Attorneys for Defendants
Paramount Pictures Corporation and
Universal City Studios LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FRIEDKIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation; UNIVERSAL STUDIOS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:12-CV-4264 JFW (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on August 27, 2012, the terms of the protective order to which the parties have agreed are adopted as a

protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 5 and 9 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence**

**supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1. This Protective Order shall govern the production, use, and handling of confidential, proprietary, and/or private documents and information produced by parties in this litigation in response to written discovery (collectively "Confidential Material" or "Material"). All Confidential Material subject to this Protective Order shall be used solely for the prosecution, defense, or settlement of this action and shall not be used by any other party, other than the party that produced it, in any other litigation, for business, competitive, or publicity purposes, or for any other purpose whatsoever.

2. Responding parties shall designate Confidential Material by placing a "Confidential" stamp on each page so designated, for each document or information that, in good faith, the party believes is confidential, proprietary, and/or private. Documents and written discovery responses shall be designated as "Confidential" at the time of production. In addition, if a party files or lodges papers with the Court that

incorporate Confidential Material, those unredacted papers, or the Confidential portions thereof, shall be treated as Confidential Material.

3. Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraph 4 below, without the <u>advance written authorization</u> of the party that produced it.

4. Confidential Material may only be disclosed to the following:

    a. To the Court, subject to paragraph 5 below;

    b. The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation or the related litigation;

    c. Experts retained or consulted by any party or their counsel as required to assist in the conduct of this litigation, provided that prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by its terms;

    d. The parties to this litigation, to the extent that such disclosure is necessary for the prosecution, defense, or settlement of this litigation;

    e. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this litigation; and

    f. Authors, addressees, or recipients of the Confidential Material.

5. Prior to lodging or filing with the Court any Material that has been designated Confidential, the party who wishes to lodge or file such Confidential Material shall give <u>written notice</u> to the party who designated the Material as Confidential. With respect to motion papers, the party who designated the Material as

Confidential shall have five (5) business days from the receipt of such written notice to apply to the Court for an order sealing the Material.  With respect to opposition or reply papers, the party who designated the Material as Confidential shall have three (3) business days from the receipt of such written notice to apply to the Court for an order sealing the Material.  The Material designated as Confidential may not be lodged or filed with the Court by the non-designating party prior to the expiration of the ten-day notice period or until the designating party has applied to the Court to have the Material sealed, whichever comes first.  However, once the application to have the Material sealed is filed **in accordance with the requirements of Local Rule 79-5**, and pending a resolution of the application, the Material designated as Confidential may not be lodged or filed with the Court, unless it is placed in a separate sealed envelope or sealed container with the designation "CONDITIONALLY UNDER SEAL."

6. Any party **who stipulated to entry of this Protective Order** has the right to challenge a designation of information as "Confidential" pursuant to this Protective Order by making an appropriate application to the Court after making a reasonable attempt to resolve the issue informally with the producing party.

7. Within thirty (30) days of the conclusion of all proceedings, each party shall return all Material designated Confidential to the party on whose behalf such Material was produced or provided, however, each party's outside counsel may retain a copy of such Material for its records if it deems such retention necessary.

8. This Protective Order shall continue to be binding throughout this litigation and after its conclusion.  The final award in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.

9. All disputes concerning matters falling within the scope of or relating to the interpretation of this Protective Order shall be submitted for ruling to the Court. At any **pretrial** hearing on such submitted matter, all persons not specifically

contemplated by Paragraph 4 shall be excluded from the **pretrial** hearing.

By **having stipulated to the entry of this** Protective Order, the parties do not waive any right(s) to assert the attorney client privilege, work product doctrine, financial privacy, or any other objection that could be raised in response to any party's discovery requests.  Further, nothing in this Protective Order shall limit any party's right or ability to seek an amendment or adjustment of this **Protective** Order from the Court.

**IT IS SO ORDERED.**

Dated:  November 9, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE